### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

MICHAEL SOWDERS,

  Plaintiff,                                    CASE NO.:    3:18-cv-585-CRS

v.

WESTLAKE SERVICES, LLC,

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Michael Sowders, by and through the undersigned counsel, and sues Defendant, WESTLAKE SERVICES, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like WESTLAKE SERVICES, LLC from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Jefferson County, Kentucky. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Jefferson County, Kentucky.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation with its principal place of business located at 4751 Wilshire BLVD #100, Los Angeles, CA 90010, and which conducts business in the State of Kentucky through its registered agent, Corporate Creations Networking, located at 101 North Seventh Street, Louisville, KY 40202.

11. Defendant called Plaintiff approximately three hundred (300) times in an attempt to collect an alleged debt.

12. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his telephone before a voice came on the line and he received prerecorded messages from Defendant.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (502) ***-9370, and was the called party and recipient of Defendant's calls.

14. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers:  (888) 333-5662, (888) 706-3772, (502) 414-0830, (502) 414-0810, (502) 305-1990, (502) 414-0864, (502) 414-0808, (502) 414-0820, (502) 205-9438, (502) 305-2023, (502) 414-0862, (502) 305-2025

15. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

16. In or about February of 2018, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number. Plaintiff spoke to an agent/representative of Defendant and informed the agent/representative that the calls to his cellular telephone were harassing and demanded that they cease calling his cellular telephone number. The agent/representative of Defendant responded to Plaintiff that the calls would continue until they collected on the alleged debt in reference.

17. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willful and done so without the "express consent" of Plaintiff.

18. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on his cellular telephone, Defendant continues to place calls to Plaintiff.

19. Additionally on or about April 17, 2018, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Plaintiff called Defendant and was connected to a live agent of Defendant, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular telephone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

20. Plaintiff's numerous conversations with the Defendant's agent(s)/representative(s) over the telephone wherein he demanded a cessation of calls were in vain as Defendant continues to bombard him with automated calls unabated.

21. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

22. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

23. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

24. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

25. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

26. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

27. Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

28. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant call list.

29. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

30. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

33.     From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant call.

34.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time she spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

35.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Defendantto Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

37. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

38. Each and every call placed without express consent by Defemdant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

39. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and frustration

## COUNT I
### (Violation of the TCPA)

40. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty nine (39) as if fully set forth herein.

41. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

42. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WESTLAKE SERVICES, LLC for statutory damages, punitive damages,

actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

          Respectfully submitted,

          */s/ Octavio Gomez*
          Octavio Gomez, Esquire
          Florida Bar No.: 0338620
          Morgan & Morgan, Tampa, P.A.
          One Tampa City Center
          201 N Franklin Street, 7th Floor
          Tampa, Florida 33602
          Telephone: (813) 223-5505
          Facsimile: (813) 559-4845
          Primary Email: TGomez@ForThePeople.com
          Secondary Email: RKnowles@ForThePeople.com
          *Attorney for Plaintiff*